```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

PENNY M. DOUCETTE                         CIVIL ACTION

VERSUS                                    NO: 11-1792

JERRY KRESTA, JR., ET AL.                 SECTION: "A" (2)
```

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Penny M. Doucette.  Defendants Jerry Kresta, Jr., Skipper Kresta Farms, and Hallmark Speciality Insurance Co. oppose the motion.  The motion, set for hearing on August 31, 2011, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit in state court to recover for personal injuries that she claims to have sustained following a automobile accident in Orleans Parish.  Defendants removed the case on July 25, 2011, claiming diversity jurisdiction. Plaintiff now moves the Court to remand the case arguing that the removal was not timely.

A notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended

1

pleading or other paper from which it may first be ascertained that the case is one which is or has become removable. Id. Assuming the case is initially removable, the thirty day removal period begins to run as soon as the first defendant is served. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988). The thirty day window begins to run with service of the original petition when the petition affirmatively reveals on its face that the claim exceeds $75,000. Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th 1992).

The first defendant was served on May 23, 2011, and Defendants removed the case on July 25, 2011--clearly more than thirty days after service on the first defendant. Therefore, if the case was removable as initially filed then Plaintiff's motion to remand must be granted.

The Court is persuaded that the petition itself, as originally filed, affirmatively reveals that the amount in controversy exceeds $75,000. Defendants can hardly dispute this point because they themselves alleged that it was clear from the petition that Plaintiff was seeking damages in excess of $75,000. (Rec. Doc. 1, ¶ 8). It was upon this very contention that Defendants relied to remove the case to this Court in the first place. Defendants later sought to disavow that statement by filing into the record, without leave of Court, an amended notice of removal. (Rec. Doc. 8). Once the thirty day removal period

has expired, a notice of removal cannot be amended to remedy a substantive defect in the petition.  See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145 (5th Cir. 1979).  But whether Defendants could validly amend the notice of removal to present their better argument regarding the amount in controversy is beside the point.  It doesn't change the fact that the observation regarding the amount in controversy that Defendants made in the first notice of removal was correct.  Therefore, the removal was not timely.

    Accordingly, and for the foregoing reasons;

    **IT IS ORDERED** that **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Penny M. Doucette is **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed.

    September 6, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE